UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JON RHODES                                                                                           PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 3:22-CV-67-TSL-RPM

CLERK'S OFFICE OF THE 61ST
COUNTY DISTRICT FOR RANKIN et al                                                       DEFENDANTS

**REPORT AND RECOMMENDATIONS**

Plaintiff Jon Rhodes, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint against the Clerk's Office of the 61st County District for Rankin, Clerk's Office of the 20th Judicial District of Mississippi, Clerk's Office of the Supreme Court of Mississippi and Court of Appeals of the State of Mississippi, and Attorney General of the State Lynn Fitch.[1]  Plaintiff's claims all arise from a conviction and sentence handed down in July 2019 by the Municipal Court of Pearl, Mississippi.  Following a trial, Plaintiff was found guilty on charges of assaulting a police officer, driving under the influence, reckless driving, and speeding.  The trial court sentenced Plaintiff to 23 days in jail or a fine of $2,300.  In addition, his driver's license was suspended.

Plaintiff experienced problems perfecting his appeal from the conviction.  According to Plaintiff, there were deficiencies with his paperwork; he showed up 30 minutes late for an *in forma pauperis* hearing; he was unable to post a cost bond; and at one point, he filed his appeal in the wrong court.  As a result, his efforts to appeal from the Municipal Court conviction were stymied.  The undersigned conducted a screening hearing on August 30, 2022, to discuss Plaintiff's lawsuit.  At the hearing, Plaintiff clarified his claims: (1) Defendants violated his

---

[1] Plaintiff also sued the "Justice Center"; however, at the August 30, 2022, hearing, Plaintiff indicated that the Justice Center can be disregarded as a defendant.

constitutional rights because they refused to allow him to proceed with an appeal; (2) he seeks reinstatement of his driver's license; and (3) he requests appointment of an attorney to assist with his appeal in county court from the misdemeanor convictions.

**Clerks of Court**

Liberally construed, Plaintiff is alleging that he has been denied access to the courts by the clerks of court, because they refused to file his appeal. The undersigned finds that Plaintiff's claims against the various clerks of court should be dismissed. When clerks of court are sued for performing tasks that are an integral part of the judicial process, they are entitled to quasi-judicial immunity. *Mullins v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (filing of documents by clerk is integral part of judicial process and protected by judicial immunity); *Evans v. Suter*, No. H-07-1557, 2007 WL 1888308, at *3 (S.D. Tex. June 29, 2007), aff'd, 260 F. App'x 726 (5th Cir. 2007) ("When a clerk of court files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within his professional functions."). Clerks of court enjoy absolute quasi-judicial immunity when "performing a discretionary act or... a ministerial function at the direction of the judge." *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir.1980) (quoting *Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir.1975)); *Severin v. Parish of Jefferson*, 357 F. App'x. 601, 605 (5th Cir. 2009) (granting absolute immunity to "employees of the Louisiana Fifth Circuit Court of Appeal who acted pursuant to the procedures allegedly implemented by the judges"). In the instant case, Plaintiff sues the various clerks of court for the manner in which they performed ministerial tasks, such as filing court documents or requiring a cost bond. As such, they are entitled to quasi-judicial immunity; and the claims against them should be dismissed.

**Attorney General Lynn Fitch**

In addition to the clerks of court, Plaintiff has sued Mississippi Attorney General Lynn Fitch. His complaint does not allege any specific misdeed by Defendant Fitch. At the hearing, Plaintiff indicated he was suing Fitch in her official capacity; but he conceded that she was not personally involved in the alleged constitutional deprivations. He further stated that she does not know Plaintiff and that she is probably innocent of any wrongdoing. To the extent Plaintiff alleges a claim against Defendant Fitch in her supervisory capacity, his claim should be dismissed, because Plaintiff admits that Fitch was not personally involved in his alleged denial-of-access-to-courts claim. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

**Driver's License**

In his complaint, Plaintiff seeks reinstatement of his driver's license, which was suspended because of the DUI conviction. He also has filed a motion for temporary reinstatement of his driver's license. Doc. [9]. At the hearing, Plaintiff stated that he had completed all the required courses and paperwork to get his driver's license reinstated. According to Plaintiff, all that remains is for him to go to the driver's license bureau to turn in the paperwork and pay any required fees. He believes that he has taken care of the driver's license issue himself. Based on Plaintiff's representations, the undersigned recommends that Plaintiff's motion to reinstate driver's license be denied and that his claims relating to the driver's license be dismissed.

**Appointment of Counsel**

Finally, Plaintiff requests that the Court appoint counsel to assist with the state court appeal process of his misdemeanor conviction. There is no constitutional right to appointment of

counsel in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (no constitutional right to appointment of counsel in civil rights cases); *Ortloff v. Fleming*, 88 F.App'x. 715, 717 (5th Cir. 2004) (no right to appointment of counsel in non-capital habeas proceeding). Moreover, this Court does not have the authority to appoint counsel in a state court proceeding. "Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate." *Jones v. King Cty. Adult & Juvenile Detention Ctr.*, No. C09-1484-JLR, 2009 WL 4828697, at *1 (W.D.Wash. Dec. 11, 2009) (citing *Younger v. Harris*, 401 U.S. 37 (1971)); *see also Lott v. Jenkins*, No. 1:04-CV-822, 2016 WL 7157673, at *1 (N.D.Ohio Dec. 8, 2016) (finding that federal statute authorizing payment to appointed counsel did not extend to state court post-conviction proceeding); *Prior v Hofmann*, No. 1:08-cv-139, 2008 WL 5412850, at *2 (D.Vt. Dec. 29, 2008) (finding federal court lacked jurisdiction to appoint counsel in a state collateral criminal proceeding); *Blake v. Herrera*, No. C 02-4912 CRB (PR), 2002 WL 31528500, at *1 (N.D.Calif. Nov. 12, 2002) (declining to interfere in state court criminal proceeding regarding appointment of counsel). Accordingly, this claim should be denied as well.

### *Heck* Bar

Finally, to the extent Plaintiff seeks damages related to his conviction and sentence, he is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the Supreme Court's holding in *Heck*, to recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of

habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. A "plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted," unless the plaintiff can prove that this conviction has already been invalidated. *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (citing *Heck*, 512 U.S. at 486–87); *see also Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999). At the hearing, Plaintiff conceded that he was found guilty of the underlying charges that are the subject of this lawsuit. Plaintiff's claims simply relate to his fruitless efforts to appeal from the conviction and sentence. As such, Plaintiff admits that his conviction has not been invalidated. Therefore, any damages resulting from the conviction are barred by the *Heck* doctrine.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be dismissed with prejudice as to all claims and all defendants. The undersigned further recommends that Plaintiff's [9] Motion for Temporary Reinstatement of Driver's License be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions

and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 25th day of October 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE